IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02759-BNB

RONALD JENNINGS FOGLE,

    Applicant,

v.

MICHAEL MILLER, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER

    Applicant, Ronald Jennings Fogle, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of the sentence he is serving as a result of his criminal conviction in Denver District Court case number 99CR136.  Mr. Fogle claims in the application that the habitual criminal sentence he is serving violates the Fourteenth Amendment to the United States Constitution and that counsel was ineffective in failing to challenge application of the Colorado habitual criminal statute.

    Mr. Fogle has filed three prior habeas corpus actions pursuant to § 2254 in the District of Colorado challenging the validity of his conviction and sentence in Denver District Court case number 99CR136.  In the first § 2254 action, Mr. Fogle challenged the validity of his convictions and sentences in three Denver District Court cases, one of which was 99CR136.  *See Fogle v. Smelser*, No. 07-cv-01636-ZLW (D. Colo. Nov. 13, 2007), *appeal dismissed*, 314 F. App'x 89 (10th Cir. 2008).  Case number 07-cv-01636-

ZLW was dismissed on the merits because Mr. Fogle's first claim was an impermissible challenge to prior Maryland convictions used to enhance his Colorado sentence and his other claims did not raise cognizable federal constitutional issues. Mr. Fogle subsequently filed another § 2254 action challenging the validity of his convictions and sentences in six Denver District Court cases, one of which again was 99CR136. *See Fogle v. Smelser*, No. 10-cv-00932-ZLW (D. Colo. June 22, 2010), *appeal dismissed*, No. 10-1291 (10th Cir. July 30, 2010). In case number 10-cv-00932-ZLW, Mr. Fogle's claims relevant to Denver District Court case number 99CR136 were dismissed for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application. Most recently, Mr. Fogle filed an application for a writ of habeas corpus challenging the validity of the habitual criminal sentence he is serving as a result of his conviction in Denver District Court case number 99CR136. *See Fogle v. Miller*, No. 13-cv-00486-LTB (D. Colo. May 9, 2013). In case number 13-cv-00486-LTB, the Court construed the habeas corpus application as asserting claims pursuant to § 2254 and dismissed the action for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application.

Although Mr. Fogle fails to list each of these prior actions in the application (*see* ECF No. 1 at 7), the court may take judicial notice of its own records and files that are part of the court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The court has examined the records for the cases listed above and finds that Mr. Fogle previously has challenged the validity of his conviction and sentence in Denver District Court case number 99CR136. Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Fogle must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Fogle alleges that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. (*See* ECF No. 1 at 7.) However, he fails to provide proof of such authorization to the court. Therefore, Mr. Fogle will be ordered to submit to the court documentary evidence that he has received authorization from the Tenth Circuit to file a second or successive habeas corpus application that raises the claims he is asserting in the instant application challenging the validity of his conviction and sentence in Denver District Court case number 99CR136. Accordingly, it is

ORDERED that, **within fourteen (14) days from the date of this order**,

Applicant shall submit to the court proof that he has obtained authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive habeas corpus application.

DATED October 28, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge