IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02759-BNB

RONALD JENNINGS FOGLE,

    Applicant,

v.

MICHAEL MILLER, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Ronald Jennings Fogle, a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Fogle initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of the sentence he is serving as a result of his criminal conviction in Denver District Court case number 99CR136. Mr. Fogle claims in the application that the habitual criminal sentence he is serving violates the Fourteenth Amendment to the United States Constitution and that counsel was ineffective in failing to challenge application of the Colorado habitual criminal statute.

The Court must construe the application liberally because Mr. Fogle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the action will be dismissed for lack of jurisdiction.

      Mr. Fogle has filed three prior habeas corpus actions pursuant to § 2254 in the District of Colorado challenging the validity of his conviction and sentence in Denver District Court case number 99CR136.  In the first § 2254 action, Mr. Fogle challenged the validity of his convictions and sentences in three Denver District Court cases, one of which was 99CR136.  *See Fogle v. Smelser*, No. 07-cv-01636-ZLW (D. Colo. Nov. 13, 2007), *appeal dismissed*, 314 F. App'x 89 (10th Cir. 2008).  Case number 07-cv-01636-ZLW was dismissed on the merits because Mr. Fogle's first claim was an impermissible challenge to prior Maryland convictions used to enhance his Colorado sentence and his other claims did not raise cognizable federal constitutional issues.  Mr. Fogle subsequently filed another § 2254 action challenging the validity of his convictions and sentences in six Denver District Court cases, one of which again was 99CR136.  *See Fogle v. Smelser*, No. 10-cv-00932-ZLW (D. Colo. June 22, 2010), *appeal dismissed*, No. 10-1291 (10th Cir. July 30, 2010).  In case number 10-cv-00932-ZLW, Mr. Fogle's claims concerning Denver District Court case number 99CR136 were dismissed for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application.  Most recently, Mr. Fogle filed an application for a writ of habeas corpus challenging the validity of the habitual criminal sentence he is serving as a result of his conviction in Denver District Court case number 99CR136.  *See Fogle v. Miller*, No. 13-cv-00486-LTB (D. Colo. May 9, 2013).  In case number 13-cv-00486-LTB, the Court construed the habeas corpus application as asserting claims pursuant to § 2254 and dismissed the action for lack of jurisdiction because Mr. Fogle had not obtained the necessary authorization to file a second or successive application.

Although Mr. Fogle fails to list all of these prior actions in the application (*see* ECF No. 1 at 7), the Court may take judicial notice of its own records and files that are part of the Court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court has examined the records for the cases listed above and finds that Mr. Fogle previously has challenged the validity of his conviction and sentence in Denver District Court case number 99CR136. Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Fogle must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Although Mr. Fogle alleges in the application that he has obtained authorization

from the Tenth Circuit to file a second or successive § 2254 application (*see* ECF No. 1 at 7), he did not provide proof of such authorization to the Court.  Therefore, on October 28, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Fogle to submit proof that he has obtained authorization from the Tenth Circuit to file a second or successive application.  On November 4, 2013, in response to Magistrate Judge Boland's order directing him to submit proof that he has obtained authorization from the Tenth Circuit to file a second or successive application, Mr. Fogle filed a motion for extension of time (ECF No. 6) in which he seeks an extension of time until February 28, 2014, to see if his family will assist him in retaining an appellate attorney or, if not, to seek permission from the Tenth Circuit to file a second or successive application pursuant to § 2254.  The motion for extension of time will be denied.

Mr. Fogle's allegations in the motion for extension of time demonstrate that he has not obtained authorization from the Tenth Circuit to file a second or successive application.  Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252.  The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.  When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. Fogle fails to demonstrate that his claims in this action are based on either a new and retroactive rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that the application would be time-barred if filed anew in the proper forum, it appears that the application would be time-barred even if Mr. Fogle had sought proper authorization prior to filing in this Court. There also is no indication that the claims Mr. Fogle seeks to raise have any merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over the application. As noted above, Mr. Fogle has been advised in prior habeas corpus actions that this Court lacks jurisdiction to consider claims challenging the validity of his conviction or sentence in a second or successive application in the absence of authorization by the Tenth Circuit. As a result, the Court finds that a transfer of his action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the motion for extension of time (ECF No. 6) is denied. It is

FURTHER ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  6th  day of   November  , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court